# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JAMES E. DANIELS, JR.                                                    PETITIONER

v.                              No. 5:14CV00134 JLH

WENDY KELLEY, Director,
Arkansas Department of Correction                                        RESPONDENT

## OPINION AND ORDER

James Daniels, Jr., has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60. Because this Court, the magistrate judge to whom it was previously referred, and the Eighth Circuit Court of Appeals have written prior opinions, and the parties are thoroughly familiar with the procedural and factual history, the Court will not review the background of this case but will, instead, proceed directly to the merits of the motion.

The motion concerns a letter from Willard Proctor to Daniels' mother, Gloria Daniels, dated April 2, 2012, in which Proctor confirmed that Gloria Daniels had contacted him about representing James Daniels in a jury trial, but Proctor had declined the representation because of a scheduling conflict and because he was informed that the trial date could not be continued. In this Court's amended opinion and order, the Court stated that the letter was not part of the record before the Arkansas courts and therefore could not be considered. Document #27 at 30, fn.10. Daniels has now provided a copy of an amended reply to the State's response to his Rule 37.1 petition filed on April 30, 2012, with the letter from Proctor to Gloria Daniels attached. Document #37-1. Daniels argues that the Court should set aside the judgment under Rule 60 because of the discovery that the Proctor letter was in the state court record.

Rule 60 provides a number of grounds for relief. Daniels' motion does not specify which provision of Rule 60 upon which he is relying. His argument, however, suggests that he is arguing

excusable neglect, which is a ground for relief under Rule 60(b)(1). Specifically, Daniels says in his motion that the Clerk of the Drew County Circuit Court omitted the amended response, with Proctor's letter attached, when preparing the record for appeal of the denial of his Rule 37 motion. Daniels says that his current lawyer "fortuitously learned" that the letter was a part of the state court record and should have been considered by the Court in consideration of Daniels' claims for relief. As noted above, the Proctor letter was attached to an amended response filed by Daniels as an exhibit to an amended reply to the State's response to his Rule 37.1 petition. Thus, even if that letter did not find its way into the record on appeal from the denial of his Rule 37 petition, Daniels knew that it was part of the state court record because he filed it. He has the burden at this point to establish that the neglect in bringing the amended reply to the Court's attention earlier is excusable. He has offered nothing in excuse for failing to bring the amended reply to the Court's attention before the Court ruled on his section 2254 petition. Because Daniels has offered nothing to excuse his neglect in failing to bring the amended reply to the Court's attention earlier, he is not entitled to relief under Rule 60(b)(1). Nor is he entitled to relief under any other provision of Rule 60.

Even if Daniels otherwise met the requirements of Rule 60, the fact that he attached the Proctor letter to an amended reply to the State's response to his Rule 37 petition would not change the outcome of this case.

Daniels' section 2254 petition asserted two grounds for relief. First, he asserted that the denial of his motion for a continuance violated his right to counsel of choice as guaranteed by the sixth and fourteenth amendments. Secondly, he asserted that the public defender who represented him at trial was ineffective. The magistrate judge to whom his case was assigned recommended that the Court grant Daniels' petition on the question of whether he was denied his sixth amendment right to counsel but deny Daniels' claim that the public defender who represented him was

2

ineffective. The respondent objected to the magistrate judge's recommendation that the Court find in favor of Daniels on his claim that he was denied his right to counsel. This Court overruled the magistrate judge on that point, and the Eighth Circuit affirmed. Daniels did not object to the magistrate judge's recommendation that the Court deny his claim that the public defender was ineffective, and the Court adopted that recommendation without objection.

In the recommended disposition, the magistrate judge addressed Daniels' claim that the public defender was ineffective for failing to make a more specific record in his efforts to obtain new counsel. Document #17 at 41. The factual basis for that claim included the Proctor letter. *Id*. The factual basis also included an affidavit from Daniels stating that he told the public defender that his family had contacted Proctor and could hire Proctor but Proctor could not accept the case due to the upcoming trial date. *Id*. at 42. The recommendation accepted as true Daniels' claims that Proctor would have represented him if the trial could be continued and that Daniels so informed his public defender. In denying Daniels' claim that the public defender was ineffective for failing to inform the state trial judge of these facts concerning Proctor, the magistrate judge held that Daniels had not met the first prong of the *Strickland* test. *Id*. at 43. The public defender had filed a motion for a continuance on December 10, 2010, six days before trial, in which she informed the court that Daniels "continues to desire to retain private counsel." According to the magistrate judge, the decision by the public defender to state no more details was a "tactical decision" that "cannot be faulted." *Id*. at 44. The letter from Proctor to Gloria Daniels is dated April 2, 2012. It was filed in the state court record on April 30, 2012. The fact that the letter became a part of the state court record on April 30, 2012, could not change the magistrate judge's determination that the public defender made a "tactical decision" that "cannot be faulted" nearly sixteen months earlier.

Nor can that letter change this Court's determination that Daniels has failed to show that the Arkansas Court of Appeals' decision was contrary to or an unreasonable application of clearly established federal law, or a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). The issue of whether the trial court violated Daniels' sixth amendment right to counsel by refusing to grant him a continuance was addressed by the Arkansas Court of Appeals on direct appeal in an opinion dated January 4, 2012. The amended reply to the State's response to Daniels' Rule 37 petition was filed on April 30, 2012, which obviously was after the direct appeal. At the time the court of appeals issued its decision on January 4, 2012, that letter was not part of the record before it. Under *Cullen v. Pinholster*, 563 U.S. 170, 182, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011), the amended reply, with the attached Proctor letter, cannot be considered because the letter was not part of the record before the Arkansas Court of Appeals when that court made the decision that Daniels seeks to attack under section 2254(d).

For the reasons stated, the motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60 is DENIED. Document #37.

IT IS SO ORDERED this 28th day of March, 2018.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE